UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ATLANTIC SPECIALTY INSURANCE et al.,          :

                                             Plaintiff,          :     ORDER FOR CONFERENCE
                                                          :     <u>PURSUANT TO RULE 16</u>
          -v.-
                                                          :     07 Civ. 8508 (BSJ) (GWG)

AE OUTFITTERS RETAIL COMANY,
             Defendant.          :
----------------------------------------------------------------x

FEDERAL INSURANCE COMPANY et al.,          :

                                             Plaintiff,          :     08 Civ. 2157 (BSJ)(GWG)

          -v-          :

AMERICAN EAGLE,          :
             Defendant.
----------------------------------------------------------------x
SOMPO JAPAN INSURANCE          :

                                             Plaintiff,          :

          -v-          :     08 Civ. 3294 (BSJ)GWG)

AMERICAN EAGLE,          :
             Defendant.
----------------------------------------------------------------x
GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

      These consolidated actions are scheduled for an initial case management conference in accordance with Fed. R. Civ. P. 16(a), on Wednesday, June 4, 2008, at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. All parties must appear at this conference and should arrive prior to the scheduled time so that the conference may begin promptly.

Upon receipt of this order, each counsel is directed to confirm with all other counsel that each party to this proceeding (or that party's counsel) has received a copy of this order. In addition, please note that the Federal Rules of Civil Procedure require the parties to confer before this conference to discuss the matters set forth in Fed. R. Civ. P. 26(f). Additionally, the parties' attention is directed to the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

At the initial case management conference, the parties must be prepared to discuss the subjects set forth in subdivisions (b) and (c) of Rule 16. To fulfill the requirement of Fed. R. Civ. P. 26(f) that the parties submit a written proposed discovery plan, the parties shall jointly submit to the Court, either at or prior to the initial case management conference, a written "Proposed Scheduling Order," containing the case caption and the following information:

1. The date of the conference and the appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number;

2. a concise statement of the issues as they then appear;

3. a proposed schedule including:

    a. the deadline by which the parties may move to amend the pleadings or join any other parties;

    b. dates for document requests, initial interrogatories and responses thereto;

    c. the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place;

    d. a date by which all non-expert discovery shall be completed;

    e. dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made;

    f. the date by which depositions of experts shall be completed;

      g.    the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff(s) will supply pretrial order materials to defendant(s); and the date by which the parties will submit a joint pretrial order in accordance with procedures of the judge before whom the trial will be conducted;[*] and

4. a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

5. a statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement;

6. anticipated fields of expert testimony, if any;

7. anticipated length of trial and whether, and by whom, a jury has been requested;

8. (a) an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions and (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned;

9. The following paragraph reproduced verbatim:

"All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions."

10. A signature line for the undersigned.

---

[*] This paragraph shall also include the following statement, either in text or in a footnote: "The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions."

3

To the extent the parties disagree on the dates or other terms of the proposed schedule, such disagreement may be noted in the document.

<u>Any application for a change in the date of the conference must be made in writing sent to the undersigned within ten days of this Order</u>, unless there is good cause justifying a later application. Prior to making such a request for an adjournment, the party so requesting should contact the Deputy Clerk ((212) 805-4260) to determine alternative dates on which the Court is available for a rescheduled court appearance. The party must then make an application for an adjournment by letter that includes (1) a statement as to all other parties' positions on the proposed change in date and (2) a proposal for an alternative date for the conference (as provided by the Deputy Clerk) for which all parties are available.

For the parties' information, the Court's Individual Rules are posted at:

http://www1.nysd.uscourts.gov/judge_info.php?id=67

Dated: New York, New York
       May 23, 2008

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge