MOUND COTTON WOLLAN & GREENGRASS
Scott Sheldon (SJS-7155)
One Battery Park Plaza
New York, NY  10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Plaintiff
Sompo Japan Ins. Co. of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| ATLANTIC SPECIALTY INS. COMPANY, ET AL., | **RULE 26.1 (a) DISCLOSURE** |
| Plaintiff, | |
| -v- | 07 Civ. 8508 (BSJ) (GWG) |
| AMERICAN EAGLE OUTFITTERS, | |
| Defendant. | |

-------------------------------------------------------------------X

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ET AL., | |
| Plaintiff, | |
| -v- | 08 Civ. 2157 (BSJ) (GWG) |
| AMERICAN EAGLE OUTFITTERS, | |
| Defendant. | |

-------------------------------------------------------------------X

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, | |
| Plaintiff, | |
| -v- | 08 Civ. 3294 (BSJ) (GWG) |
| AMERICAN EAGLE OUTFITTERS, | |
| Defendant. | |

-------------------------------------------------------------------X

Plaintiff Sompo Japan Ins. Co. of America, as subrogee of Prada USA Corp., by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its Fed. R. Civ. P. Rule 26(a)(1) Initial Disclosure, herein, states as follows:

**(A)     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

DISCLOSURE:

With full reservation of rights by Plaintiff Sompo Japan Ins. Co. of America to identify additional witnesses going forward, the following individuals are likely to have discoverable information that Plaintiff may use to support its claims in the above-captioned matter:

1.  George Alvarez, Jr.
    American Eagle Employee
    435 54th Street, 3rd Floor
    Brooklyn, New York 11220
    410-961-2853

Mr. Alvarez has knowledge of the origin of the fire at 573-575 Broadway, New York, New York (the "Fire") as well as other circumstances surrounding the Fire.

2.  Hoxhaj Gani
    Security Guard
    51 Hanson Street
    Lake Peekskill, New York 10537
    718-547-1585
    646-234-7659

Mr. Gani has knowledge of the circumstances surrounding the Fire, including the response to the fire alarm.

3.  John Stewart
    349 West Broadway
    Apartment 3

2

        New York, New York 10013
        302-463-0188

Mr. Stewart has knowledge of the circumstances surrounding the Fire, including the origin of the fire.

    4.      Brandon Demoranville
            154 East Seventh Street, Apt. 6 (A and B)
            New York, New York 10009
            508-801-8875

Mr. Demoranville has knowledge of the circumstances surrounding the Fire, including the sounding of the fire alarm.

    5.      Peter Zanelli
            23 Timothy Court
            Staten Island, New York 10314
            718-983-9618
            917-279-7571

Mr. Zanelli has knowledge of the use of a Heating, Ventilation, Air-conditioning and Cooling shaft room located in the American Eagle store by employees of Defendant American Eagle, as well as other circumstances surrounding the Fire.

    6.      Paul Sherman
            Executive General Adjuster
            VeriClaim Inc.
            c/o Mound Cotton Wollan & Greengrass
            One Battery Park Plaza
            New York, NY 10004

Mr. Sherman has knowledge of the adjustment process of Plaintiff's claim and the calculation of Plaintiff's property damage, business income loss, and time element losses.

**(B)** **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

DISCLOSURE:

1. New York City Fire Marshall's Report (May 15, 2006).

2. Reports prepared by Thomas J. Russo Consultants related to the Fire.

3. Reports prepared by VeriClaim, Inc. related to the Fire.

4. Reports prepared by DBI Construction Consultants related to the Fire.

5. Reports prepared by Marsh Forensic Accounting and Claims Service related to the Fire.

6. Photographs and reports prepared by B. Poole Restoration, LLC related to the Fire.

7. Reports prepared by Werlinger & Associates, Inc. related to the Fire.

8. Reports and accounting schedules prepared by Meaden & Moore related to the Fire.

9. Reports prepared by Stoner & Company regarding salvage of goods damaged by the Fire.

10. Reports, proposals, and/or repair orders prepared by ThyssenKrupp Elevator in response to damages caused by the Fire.

11. Reports, proposals, and/or repair orders prepared by Electrosonic Systems, Inc. in response to damages caused by the Fire.

12. Reports, proposals, and/or repair orders prepared by ePlus Technology IT in response to damages caused by the Fire.

13. Reports, proposals, and/or repair orders prepared by ScharffWeisberg Inc. in response to damages caused by the Fire.

14. Correspondence and other materials from Prada USA Corp. that are not proprietary, confidential, privileged, or otherwise protected from disclosure related to damages incurred as a result of the Fire.

15. Insurance claim files of Royal & SunAlliance Ins. Agency, Inc. and Sompo Japan Ins. Co. of America related to the insurance claim made by Prada USA Corp. in response to the Fire and which are not proprietary, confidential, privileged, or otherwise protected from disclosure.

16. Executed Proofs of Loss related to the insurance claim made by Prada USA Corp. in response to the Fire.

These documents will be made available for copying at the offices of Mound Cotton Wollan & Greengrass, 1 Battery Park Plaza, New York, New York 10004, at a mutually agreeable date and time.

**(C) A compilation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

DISCLOSURE:

Based on the information available to date, Plaintiff's damages total at least $7,152,753, which includes payments of $1,894,333, $2,141,756, $1,226,664, and $1,890,000 made to Prada USA Corp. for property damages, business interruption loss, and time element losses under insurance policy number FTP-90007-XO. The documentation supporting this calculation will be

made available for copying at the offices of Mound Cotton Wollan & Greengrass, 1 Battery Park Plaza, New York, New York 10004, at a mutually agreeable time and date.

**(D)   For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

DISCLOSURE:

Not applicable.

Plaintiff reserves the right to amend and/or supplement these disclosures if additional individuals (or entities) with knowledge or documents become known to Plaintiff during the course of discovery.

Dated: New York, New York
       July 31, 2008

>                               MOUND COTTON WOLLAN & GREENGRASS
>                               Attorneys for Plaintiff
>                               Sompo Japan Ins. Co. of America
>
>                               By:  /s/ Scott Sheldon, Esq.
>                                    Scott Sheldon (SJS-7155)
>                                    Mound Cotton Wollan & Greengrass
>                                    One Battery Park Plaza
>                                    New York, New York 10004
>                                    (212) 804-4200
>                                    ssheldon@moundcotton.com

TO:

COZEN O'CONNOR
Peter G. Rossi, Esq.
Attorneys for Plaintiffs Atlantic Specialty Ins. Co., et al.
45 Broadway Atrium, 16th Fl.
New York, NY 10006
(212) 665-2783

HOEY KING TOKER & EPSTEIN
Paul A. Tumbleson, Esq.
Attorneys for Plaintiffs Federal Ins. Co., et al.
55 Water Street, 28th Fl.
New York, NY, 10004
(212) 612-4200

SHEPS LAW GROUP, P.C.
Robert C. Sheps, Esq.
Attorneys for Defendant American Eagle
35 Pinelawn Road, Suit 106
East Melville, NY 11747
(631) 249-5600 ext. 1002.

MOUND COTTON WOLLAN & GREENGRASS
Scott Sheldon (SJS-7155)
One Battery Park Plaza
New York, NY  10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Plaintiff
Sompo Japan Ins. Co. of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ATLANTIC SPECIALTY INS. COMPANY, ET AL.,     :
                                              :   **FIRST REQUEST**
                 Plaintiff,                   :   **FOR DOCUMENTS**
                                              :
         -v-                                  :   07  Civ.  8508  (BSJ)
   (GWG)                                      :
                                              :
AMERICAN EAGLE OUTFITTERS,                    :
                                              :
                 Defendant.                   :
------------------------------------------------------------------X
FEDERAL INSURANCE COMPANY, ET AL.,            :
                                              :
                 Plaintiff,                   :
                                              :
         -v-                                  :   08  Civ.  2157  (BSJ)
   (GWG)                                      :
                                              :
AMERICAN EAGLE OUTFITTERS,                    :
                                              :
                 Defendant.                   :
------------------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY                 :
OF AMERICA,                                   :
                                              :
                 Plaintiff,                   :
                                              :
         -v-                                  :   08  Civ.  3294  (BSJ)
   (GWG)                                      :
                                              :
AMERICAN EAGLE OUTFITTERS,                    :   :
                                              :
                 Defendant.                   :
------------------------------------------------------------------X

1

# PLAINTIFF SOMPO JAPAN INSURANCE COMPANY'S
# REQUEST FOR PRODUCTION OF DOCUMENTS
# <u>DIRECTED TO DEFENDANT</u>

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Sompo Japan Insurance Company requests that Defendant American Eagle Outfitters produce all of the following documents and things in their or their principals', agents' or representatives' possession, custody or control for inspection and copying by Plaintiff Sompo Japan Insurance Company at the offices of Mound, Cotton & Wollan, One Battery Park Plaza, New York, New York 10004, within thirty days after the service of this notice.

## DEFINITIONS

1. "American Eagle" means defendant American Eagle Outfitters and its principals, agents, representatives, officers, directors and employees.

2. "Incident" means the fire that occurred at 575 Broadway, New York, NY, on or about January 21, 2006.

3. These requests incorporate the definitions contained in Rule 47 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## INSTRUCTIONS

1. If any of the documents herein requested have been destroyed or is claimed by you to be privilege or is otherwise withheld, you are requested to provide for each such document, at the time and place specified therein for the production of such documents:

    (1) a statement of the ground and authority on which you are relying withholding production; and

    (2) the identity of each document withheld or unavailable by specifying:

        (a) the identity of the author therein;

(b) the parties thereto, and any persons who has helped in its preparation;

(c) its title or other identifying labels;

(d) the date of the document, or, if no date appears thereon, the approximate date;

(e) in summary, the nature and substance thereof;

(f) the identity and location of each person having or last having possession, care, custody, or control of the original and each copy thereof; and

(g) if such document was but no longer is in your possession or control what deposition was made of it, to include but not limited to specification of:

    i) the name and address of the person who disposed of the document;

    ii) the date, time and location of the disposal; and

    iii) the manner, mode or method of disposal.

2. "Relate" or "relating to" shall mean pertaining to,


**DEFINITIONS AND INSTRUCTIONS**

A. "American Eagle" means defendant American Eagle Outfitters and its principals, agents, representatives, officers, directors and employees.

B. "Incident" means the fire that occurred at 575 Broadway, New York, NY, on or about January 21, 2006.

C. The term "document" shall be broadly construed and shall include, without limitation, every writing, image, data, or record of any type that is in your possession,

3

custody, or control, including those kept by electronic, magnetic, photographic, or mechanical means, any drafts or revisions pertaining to any of the foregoing, and other data compilations from which information may be obtained. Any document or copy of any document that contains any note, comment, addition, deletion, insertion, annotation, alteration, or otherwise comprises a nonidentical copy of another document shall be treated as a separate document subject to production.

D.   "Person" shall mean natural persons, corporations, partnerships, trusts, associations, joint ventures, firms, unincorporated organizations, governments, or political subdivisions thereof, and governmental agencies.

E.   "You" and "your" shall mean defendant American Eagle Outfitters and any of its officers, directors, employees, agents, servants, attorneys, and representatives.

F.   "Concerning" shall mean in relation to, related to, relating to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter discussed.

G.   "Refer," "referring," or "referencing" shall include the terms describing, evidencing, constituting, comprising, consisting of, containing, discussing, showing, disclosing, explaining, summarizing, recording, mentioning, pertaining to, setting forth, reflecting upon, representing or referring to or having any logical or factual connection with the subject matter of these documents.

H.   "Relate," "in relation to," "related to," or "relating to" shall mean pertaining to, consisting of, referring to, containing, reflecting, concerning, discussing, evidencing, commenting on, or having any logical or factual connection with the matter discussed.

J.   The words "premises" or "subject premises" shall mean the premises located at 575 Broadway, New York, NY.

K.   The term "marketing room" shall mean the room on the first floor of the American Eagle store at 575 Broadway that was accessible through the back of one of the dressing rooms.

4

set forth in the Complaint.

L.    The terms "and" and "or," as used herein, shall be construed either conjunctively or disjunctively as necessary to bring within the scope of this demand any document or information that might be deemed outside its scope by another construction of these terms.

M.    The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neutered genders.

N.    With respect to any request for production to which you object under a claim of privilege or other doctrine, please state:

1.    the nature of the privilege asserted;

2.    whether the allegedly privileged communication was oral or written;

3.    if in writing, then:

    a)    identify the author of the document;

    b)    identify all addresses and recipients of the document or copies thereof;

    c)    indicate the date the document bears, or if undated, the date that it was written or created;

    d)    identify the type of document as, for instance, letter, memorandum, etc.;

    e)    describe the subject matter of the document;

    f)    identify any persons who have had access to the document or its contents, or any part thereof; and

    g)    state the facts given rise to claimed privilege; and

4. if oral, identify the date and place the communication was made, identify any person(s) who were present when the communication was made, describe the subject matter of the communication, and state the facts given rise to the claimed privilege.

O. This Notice for Discovery and Inspection shall be deemed to be continuing and, in the event you become aware of additional information or documents responsive hereto after the time for compliance, you are requested to furnish such information and/or document immediately.

## DOCUMENT REQUESTS

1. All photographs or videotapes of the scene of the incident which represent the condition(s) existing at the time of the incident, immediately prior thereto, or shortly after the incident.

2. A copy of all statements given by you to any party, including any insurance company, or any other individual or entity concerning the incident.

3. A copy of all documents including any claim forms or written statements submitted by you to an insurance carrier in connection with the incident.

4. A copy of any statement, whether in writing or electronically recorded, taken from any person concerning the incident.

5. All documents concerning any investigation of the incident by any federal, state, or local law enforcement agency, or by any private agency, group, individual, or other entity.

7. All written reports of expert witnesses retained by you whom you intend to produce as a witness at the trial of this matter.

8. All documents, including notes, relied on by any expert witness retained by you whom you intend to produce as a witness at the trial of this matter.

9. All documents, including notes, and all objects or physical evidence created or relied on by any expert witness retained by you whom you intend to produce as a witness at the trial of this matter.

10. All leases or subleases in effect at the time of the incident regarding the part of the premises occupied by you.

11. All documents memorializing or referring to any other agreement between you and the owner of the premises, including without limitation any non-waiver agreements, indemnification agreements, or limitations of liability.

12. All documents memorializing or referring to any policies regarding employees' smoking in that part of the premises occupied by you.

13. Documents sufficient to show the identities of each of your employees who was present immediately prior to, at the time of, or shortly after the incident.

14. All documents relating to any notice you gave to the owner or manager of the premises regarding the use of the marketing room for business purposes.

15. All documents relating to any application made by any person for a certificate of occupancy for the use of the marketing room for business purposes.

16. All documents relating to the fire protection and/or fire alarm systems in place in that part of the premises occupied by you.

17. All documents that relate in any way to the incident, its causes, or its effects.

Dated: New York, New York
July 31, 2008

> MOUND COTTON WOLLAN & GREENGRASS
> Attorneys for Plaintiff
> Sompo Japan Ins. Co. of America
>
> By: *[signature]* Scott Sheldon Esq.
> Scott Sheldon (SJS-7155)
> Mound Cotton Wollan & Greengrass
> One Battery Park Plaza
> New York, New York 10004
> (212) 804-4200
> ssheldon@moundcotton.com

7

TO:

COZEN O'CONNOR
Peter G. Rossi, Esq.
Attorneys for Plaintiffs Atlantic Specialty Ins. Co., et al.
45 Broadway Atrium, 16th Fl.
New York, NY 10006
(212) 665-2783

HOEY KING TOKER & EPSTEIN
Paul A. Tumbleson, Esq.
Attorneys for Plaintiffs Federal Ins. Co., et al.
55 Water Street, 28th Fl.
New York, NY, 10004
(212) 612-4200

SHEPS LAW GROUP, P.C.
Robert C. Sheps, Esq.
Attorneys for Defendant American Eagle
35 Pinelawn Road, Suit 106
East Melville, NY 11747
(631) 249-5600 ext. 1002.

MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 804-4200
Fax: (212) 344-8066
Attorneys for Plaintiff
Sompo Japan Ins. Co. of America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATLANTIC SPECIALTY INS. COMPANY, ET AL.,   :
:   **CERTIFICATE OF SERVICE**
                Plaintiff,   :
:
         -v-   :   07 Civ. 8508 (BSJ) (GWG)
:
AMERICAN EAGLE OUTFITTERS,   :
:
                Defendant.   :
-----------------------------------------------------------------X
FEDERAL INSURANCE COMPANY, ET AL.,   :
:
                Plaintiff,   :
:
         -v-   :   08 Civ. 2157 (BSJ) (GWG)
:
AMERICAN EAGLE OUTFITTERS,   :
:
                Defendant.   :
-----------------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY   :
OF AMERICA,   :
:
                Plaintiff,   :
:
         -v-   :   08 Civ. 3294 (BSJ) (GWG)
:
AMERICAN EAGLE OUTFITTERS,   :
:
                Defendant.   :
-----------------------------------------------------------------X

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2007, I caused copies of: (1) Plaintiff Sompo Japan Ins. Co. of America's Rule 26.1(a) Disclosure, and (2) Plaintiff Sompo Japan Ins. Co. of America's Request for Production of Documents Directed to Defendant to be served on all parties electronically via the Court's ECF system.

Dated: New York, New York
       July 31, 2008

_____
Brianne Biggiani