UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ATLANTIC SPECIALTY INSURANCE, et al.

                       Plaintiff,

           -against-

AE OUTFITTERS RETAIL COMPANY, et al.

                      Defendant.
-----------------------------------------------------------------------X
FEDERAL INSUIRANCE COMPANY, ET AL.

                       Plaintiff,

           -against-

AMERICAN EAGLE,

                      Defendant.
-----------------------------------------------------------------------X
SOMPO JAPAN INSURANCE,

                       Plaintiff,

           -against-

AMERICAN EAGLE,

                      Defendant.
-----------------------------------------------------------------------X
AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN
EAGLE OUTFITTERS, INC.

                  Third-Party Plaintiff,

           -against-

575 BROADWAY, LLC, 575 BROADWAY ASSOCIATES
L.P., and 575 BROADWAY CORPORATION,

                  Third-Party Defendant.
-----------------------------------------------------------------------X

Index No.:
07 Civ. 8508 (BSJ) (GWG)

**VERIFIED THIRD-
PARTY ANSWER**

**TRIAL BY JURY
DEMANDED**

Index No.:
08 Civ. 2157 (BSJ) (GWG)

Index No.:
08 Civ. 3294 (BSJ) (GWG)

Third-Party Defendant, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION,** by its attorneys **AHMUTY, DEMERS & MCMANUS, ESQS.,** as and for its Third-Party Verified Answer to Defendant Third-Party Plaintiff's Verified Complaint alleges as follows upon information and belief:

<u>AS AND FOR AN ANSWER TO A</u>
<u>FIRST CAUSE OF ACTION</u>

1:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "FIRST" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

2:      Denies each and every allegation contained in paragraphs designated "SECOND" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

3:      Denies each and every allegation contained in paragraphs designated "THIRD" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

4:      Denies each and every allegation contained in paragraphs designated "FOURTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

5:      Denies each and every allegation contained in paragraphs designated "FIFTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

6:      Denies each and every allegation contained in paragraphs designated "SIXTH" of the Third-Party Complaint except to admit that third-party defendant, 575 BROADWAY, L.P., owned the premises and parts thereof known as 573-575 Broadway Avenue, New York, New York.

7:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "SEVENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

8:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "EIGHTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

9:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "NINTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

10:      Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "TENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

11:      Denies upon information and belief each and every allegation contained in paragraph designated "ELEVENTH" of the Third-Party Complaint except to admit that third-party defendant, 575 BROADWAY, LP, leased portions of the aforesaid premises and parts

thereof known as 573-575 Broadway Avenue, New York, New York to defendant and third-party plaintiff.

12:     Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "TWELFTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

13:     Denies each and every allegation contained in paragraphs designated "THIRTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

14:     Denies each and every allegation contained in paragraphs designated "FOURTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

15:     Denies each and every allegation contained in paragraphs designated "FIFTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

16:     Denies each and every allegation contained in paragraphs designated "SIXTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

17:     Denies each and every allegation contained in paragraphs designated "SEVENTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

18:     Denies each and every allegation contained in paragraphs designated "EIGHTEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

19:    Denies each and every allegation contained in paragraphs designated "NINETEENTH" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

## AS AND FOR AN ANSWER TO
## A SECOND CAUSE OF ACTION

20:    Defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION,** repeat, reiterate and reallege each and every denial in answer to paragraphs "FIRST" through "NINETEENTH" as if more specifically set forth in answer to paragraph designated "TWENTIETH" of the plaintiff's Third-Party Complaint.

21:    Denies each and every allegation contained in paragraphs designated "TWENTY-FIRST" of the Third-Party Complaint and respectfully refers all questions of law to this Honorable Court and beg leave to refer to documents at the time of Trial.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22:    That the complaint fails to state a valid cause of action as against the third-party defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23:    This party's responsibility, if any and which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and thus, this party is entitled to a limitation of damages as set forth in CPLR Article 16.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24:    The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and

assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25:    That the plaintiff's alleged damages representing the cost of personal injury, property damage, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part from a collateral source and the Court shall, pursuant to CPLR Section 4545(c), reduce the amount of any finding with respect to such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26:    Plaintiffs have failed to take all steps necessary and proper to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27:    Upon information and belief, the premises at issue were altered by someone not under the control nor employ of this party.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28:    Upon information and belief, when the products and/or premises left this party's control, the product/premises was fit and proper for the use for which it was designed and intended.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29:    Plaintiff's damages were caused solely by the misuse and/or abuse of the product/premises described in the Complaint and is a bar to any recovery herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30:    The Court has no jurisdiction over this party in that this party was not served with process made in accordance with the Civil Practice Law and Rules (CPLR).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31:    Third-Party plaintiffs have failed to join all necessary and indispensable parties.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32:    Pursuant to General Obligations Law, Section 15-108, the answering third-party defendant is entitled to a set-off.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33:    The negligence of those responsible for the alleged occurrence with respect to plaintiff's alleged damages constituted a separate, independent, superceding, intervening culpable act or acts, which constitute the sole proximate cause of the occurrence alleged.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34:    This defendant had no notice, constructive, or otherwise, of any alleged condition or defect.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35:    To the extent that the plaintiff's injuries, if any, were caused by intervening and superseding causes of factors, the plaintiff's claims should be barred.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36:    To the extent this third-party defendant is found liable for any of the plaintiff's alleged injuries, said injuries were caused or contributed to, in all or in part, by

the intervening or superseding actions of persons or entities over which this third-party defendant had not exercised control.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37:    While denying the existence of any duty owed by it to the plaintiff, to the extent that any such duty is deemed to have been owed by this defendant to the plaintiff, this defendant did not breach any such duty.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

38:    There was no privity between the plaintiff and this third-party defendant.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

39:    Pursuant to the lease agreement between the third-party plaintiff and third-party defendant, this answering third-party defendant asserts the limitations contained in the waiver of subrogation clause of said agreement, and all rights contained therein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40:    That any injury to plaintiff was caused by the acts and/or omissions of the third-parties over which this answering third-party defendant has no control.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41:    Upon information and belief, after the premises left the control of this third-party defendant, it was subject to abuse, misuse, alteration, change, improper installation or operation by persons not in the employ or control of this defendant; which alteration, change, abuse, misuse, improper installation or operation approximately caused the injuries complained of by plaintiff in the Complaint.

**AS AND FOR A FIRST COUNTERCLAIM OVER
AND AGAINST, AE OUTFITTERS RETAIL COMPANY i/s/h/a
AMERICAN EAGLE OUTFITTERS, INC.
THIS DEFENDANT,
575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and
575 BROADWAY CORPORATION,
ALLEGES UPON INFORMATION AND BELIEF:**

42:    That if the plaintiffs, were caused to sustain damages at the time and place set forth in the plaintiffs Complaint and third party complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or lease/contract, other than of the plaintiffs, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence, and breaches of duty and/or obligation and/or contract in fact or implied in law, upon the part of the third party plaintiff, **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** with indemnification waiver of subrogation and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION,** contributing thereto; and if the answering defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION** are found liable as to the plaintiffs, for the damages as set forth in the plaintiff's complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said defendant, third party plaintiff **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** herein will be liable over jointly and severally to the answering

third party defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION** and bound to fully indemnify and hold the answering third party defendants harmless for the full amount of any verdict or judgment that the plaintiffs herein may recover against the answering third party defendants in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

**AS AND FOR A SECOND COUNTERCLAIM OVER
AND AGAINST, AE OUTFITTERS RETAIL COMPANY i/s/h/a
AMERICAN EAGLE OUTFITTERS, INC.
THIS DEFENDANT,
575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and
575 BROADWAY CORPORATION,
<u>ALLEGES UPON INFORMATION AND BELIEF:</u>**

43:    That if the plaintiffs, were caused to sustain damages at the time and place set forth in the plaintiffs complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or lease and/or contract, other than of the plaintiffs, then the said damages arose out of the **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** negligence, carelessness, in that it recklessly operated, managed, controlled, inspected, maintained, designed, and repaired the premises, upon the part of the co-defendant, **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** with indemnification and save harmless agreement and/or responsibility by them in fact

and/or implied in law and without any breaches or any negligence of the answering defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION** contributing thereto; and if the answering defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION** are found liable as to the plaintiff, for any damages as set forth in the plaintiff's Verified Complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said defendant/third party plaintiff, **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** herein will be liable over jointly and severally to the answering defendants, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION** and bound to fully indemnify and hold the answering defendants harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendants in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

WHEREFORE, the defendant, **575 BROADWAY ASSOCIATES, L.P., i/s/h/a 575 BROADWAY LLC and 575 BROADWAY CORPORATION,** demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiffs, are found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiffs may be found to have so contributed to the accident or damages and further

demands judgment over and against the defendants/third party plaintiff, **AE OUTFITTERS RETAIL COMPANY i/s/h/a AMERICAN EAGLE OUTFITTERS, INC.,** on the counter-claim, for the amount of any judgment obtained against the answering defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

Dated:  Albertson, New York
        August 19, 2008

                                   BY:
                                        _____
                                        **STEVEN C. CAPOBIANCO, ESQ. (6950)**
                                        Attorneys for Defendant,
                                        **575 BROADWAY ASSOCIATES, L.P., i/s/h/a
                                        575 BROADWAY LLC and 575 BROADWAY
                                        CORPORATION**
                                        200 I.U. Willets Road
                                        Albertson, New York 11507
                                        (516) 294-5433
                                        Our File No.:  C2CCV1318B7EFG